CARNEY, Justice, dissenting.
Because I find that unique facts - most significantly the parties' agreement to a legal separation in lieu of a divorce - distinguish this case from any other in which we have reviewed the financial impact of a marriage's end, I respectfully dissent from the court's decision to reverse and remand the superior court's treatment of medical benefits.
As the court acknowledges, the superior court adopted the parties' shared goal of ensuring that "Yvette has adequate medical coverage" for her serious medical needs.[1] The superior court not only recognized that the impetus for the divorce trial itself was the parties' disagreement over how to best achieve that goal, it offered its own alternative, which the parties accepted when they agreed to a four-year legal separation instead of a decree of divorce.[2]
The mechanism by which this legal separation would accomplish the goal of providing Yvette with adequate medical coverage is detailed in the court's Order. Paul specifically agreed to the period of separation so that Yvette could continue to be covered under his health insurance until she turned 62. He also agreed that for three years, until she turned 65 and thereby became eligible for Medicare and no longer required coverage under his insurance, he would continue paying for her to have COBRA coverage.
The parties' separation agreement thus specifically required their ongoing "financial entanglement" until Yvette turned 65. This specific agreement renders their agreement unlike the arrangement we disapproved in Grove v. Grove .[3] In that case we agreed with the husband, who objected that he should not be required to remain financially entangled with his former wife.[4]
Based upon the unique nature and the limited duration of the specific agreement that the parties reached to achieve the shared goal of maintaining adequate medical insurance for Yvette's significant health needs, I would affirm the superior court's order implementing their agreement.

Opinion at 196.

Opinion at 195-96.

400 P.3d 109 (Alaska 2017).

Id. at 115.